UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

       Plaintiff,

v.                                  Case No.  5:14cv271/WS/CJK

MICHAEL D. CREWS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a fourth amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 38).  Upon review of the complaint, the court concludes that plaintiff's claims against defendants Churchwell, Corizon and Ortiz should be dismissed for failure to state a claim upon which relief can be granted, and that plaintiff's claims against defendants Davis, Ladele and Rodriguez should be remanded to the undersigned for further proceedings.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at the Northwest Florida Reception Center (NWFRC).  Plaintiff's fourth amended complaint names six defendants:  William Churchwell, former Warden of NWFRC; Corizon Health; Dr. G. Ladele, Medical Director at NWFRC; Dr. Nancy Ortiz, Chief Health

Officer at NWFRC; ARNP C. Davis, a nurse at NWFRC; and Nurse Rodriguez, an intake nurse at NWFRC. (Doc. 38, pp. 1-3). Plaintiff sues the defendants in their individual and official capacities. (Doc. 38, p. 1). Plaintiff alleges that in February of 2014, he experienced a "near death" incident when he was served "spoiled diseased infected food" by food service at NWFRC, which caused "illnesses, upon which he now suffer[s] sever[e]ly that's 'life threatening' and on growing [sic]". (Doc. 38, p. 7). Plaintiff states that as a result of the February 2014 incident, he was placed on a therapeutic diet (a "low residue diet") by non-party Dr. Raquel Skidmore. (*See* Doc. 10, p. 37 in ECF). Plaintiff's claims in this lawsuit arise out of the discontinuance of that therapeutic diet, as well as the alleged lack of medical care for other issues. Specifically, plaintiff claims defendant ARNP Davis was deliberately indifferent to his serious medical needs on May 16, 2014, when she discontinued his therapeutic diet. (Doc. 38, p. 9). Plaintiff claims defendant Dr. Ladele was deliberately indifferent to his serious medical needs when she affirmed ARNP Davis' decision to discontinue the therapeutic diet, and when she later ordered "a treatment diet pass and x-ray" on March 26, 2015, but then "sided" with ARNP Davis and affirmed the discontinuance of the "therapeutic treatments and diet passes" on April 27, 2015. (Doc. 38, pp. 8, 12). Plaintiff claims defendant Dr. Ortiz was deliberately indifferent to his serious medical needs on April 16, 2015, when Ortiz, after interviewing plaintiff and reviewing his chart, "advised plaintiff Wheeler not to make any falls or unnecessary contacts because she was aware of his issue of nerve related illnesses that could easily send him into a state of permanent 'paralyzation'", but Ortiz offered no medical treatment for plaintiff's condition which plaintiff describes as "constant pains and stiffness in his head, neck, jaw, temple, ear and joint". (Doc.

38, p. 9). Plaintiff also complains that during the April 16, 2015 appointment, Dr. Ortiz "upheld" defendant Davis' decision to discontinue plaintiff's therapeutic diet. (*Id*.). Plaintiff claims defendant Nurse Rodriguez was deliberately indifferent to his serious medical needs on July 10, 2014, when she denied him foot powder to treat an "infectious disease" that had "spreaded [sic] down to his feet, that was seriously infected and turning black on his toes." (Doc. 38, p. 10). Plaintiff seeks to hold defendant former Warden Churchwell liable for the foregoing deficiencies in medical care, on the grounds that Churchwell knew of plaintiff's issues through plaintiff's administrative grievances, but Churchwell failed to act. (Doc. 38, p. 7). Plaintiff seeks to hold defendant Corizon Health liable on the basis that it has a duty, pursuant to its official policy, to provide quality medical care to inmates, but its employees failed to provide such care. (Doc. 38, pp. 8, 18-19). As relief, plaintiff seeks $55,000.00 in compensatory damages against each individual defendant; $55,000.00 in punitive damages against each individual defendant; $25,000,000.00 in compensatory damages against defendant Corizon; and injunctive relief in the form of a transfer to the Central Florida area. (Doc. 38, pp. 11, 20).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Since plaintiff is proceeding *pro se*, the court liberally construes his pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The court may not, however, rewrite an otherwise deficient pleading to sustain a cause of action

or particular claims. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

*Sua sponte* dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether a complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*,

556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

Taking the allegations of plaintiff's fourth amended complaint as true and construing them in the light most favorable to him, the complaint fails to state a plausible medical deliberate indifference claim against defendants Churchwell or Corizon. A prisoner claiming he was deprived of medical care in violation of the

Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*citing Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (quotations omitted). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of negligence and medical malpractice do not state a plausible claim for relief under the Eighth Amendment or § 1983. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Delay in providing "medical treatment known to be necessary" can qualify as deliberate indifference. *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc*., 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons,

a case of deliberate indifference has been made out."). That delay, however, must be "tantamount to unnecessary and wanton infliction of pain," and "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment." *Hill* at 1188. The Eleventh Circuit has found cognizable deliberate indifference claims when the prison officials delayed treatment for life-threatening emergencies and in "situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Hill* at 1187.

Plaintiff seeks to hold Churchwell liable on the grounds that he "is responsible for plaintiff's health and well being" (doc. 38, p. 11), and Churchwell failed to act on, or denied, plaintiff's several grievances. (Doc. 38, p. 7). Even assuming that the grievance responses were in fact reviewed and signed personally by former Warden Churchwell, plaintiff states no plausible claim for relief under § 1983, because the grievances were either in non-compliance with the rules governing the inmate grievance procedure or, if considered on their merits, denied based on clinical determinations by medical personnel. (*See* Doc. 38, p. 7; Doc. 10, pp. 44-45 in ECF (Pl.'s Exs. 10 and 11), pp. 51-52 in ECF (Pl.'s Exs. 17 and18), pp. 53-54 in ECF (Pl.'s Exs. 19 and 20), pp. 59-60 in ECF (Pl.'s Exs. 25 and 26), pp. 65-66 in ECF (Pl.'s Exs. 31 and 32)). Former Warden Churchwell cannot be held liable for a constitutional tort when his administrative decisions were grounded in decisions made by medical personnel. *See Howell v. Evans*, 922 F.2d 712, 723 ("We do not dispute [the] right to rely on medical professionals for *clinical* determinations."), *vacated by settlement*, 931 F.2d 711 (11th Cir. 1991), *reinstated by order*, 12 F.3d 190 n.* (11th Cir. 1994); *see also Dolihite v. Maughon ex rel. Videon*, 74 F.3d 1027,

1054-55 (11th Cir. 1996) (awarding director of adolescent center summary judgment on section 1983 due process complaint when director could "reasonably rely on" judgment of medical personnel to secure suicidal youth's surroundings); *see also Brock v. Wright*, 315 F.3d 158, 164 (2nd Cir. 2003) (superintendent of institution was not deliberately indifferent when he denied medical consult based on Regional Medical Director's denial of request; superintendent had no medical training and simply deferred to director); *Acosta v. Watts*, 281 F. App'x 906, 908 (11th Cir. 2008) (affirming dismissal of prisoner's medical deliberate indifference claim against administrator of Bureau of Prisons for failure to state a claim; holding that prisoner failed to state facially plausible claim against administrator, where administrator's administrative decision was grounded in decision made by medical personnel).  To the extent plaintiff suggests Churchwell should not have deferred to Dr. Ladele and other medical personnel, his assertion amounts to an allegation of negligence. Negligence is not deliberate indifference and does not give rise to liability under § 1983.  *Taylor*, 221 F.3d at 1258.

Plaintiff's theory of liability against defendant Corizon is that the company contracted with the Florida Department of Corrections to provide medical care to inmates at NWFRC, and its employees have disregarded plaintiff's medical needs. (Doc. 38, pp. 8, 11-12).  As plaintiff was advised previously in two amend orders (docs. 30, 35), liability under § 1983 cannot be premised on vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks omitted).  A state, municipality or equivalent entity (here, Corizon) cannot be held liable for the actions of its employees under § 1983 based on a theory of vicarious liability or *respondeat superior*.  *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350,

1359, 179 L. Ed. 2d 417 (2011) (*citing Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), *and Canton v. Harris*, 489 U.S. 378, 392, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). Rather, a civil rights plaintiff suing an entity acting under color of state law under § 1983 must show (1) that "his constitutional rights were violated"; (2) that the entity "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). These requirements apply irrespective of whether the plaintiff seeks monetary relief or prospective relief such as an injunction or a declaratory judgment. *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 31, 39, 131 S. Ct. 447, 178 L. Ed. 2d 460 (2010).

"A policy is a decision that is officially adopted by the municipality [or equivalent entity], or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999) (*quoting Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). Plaintiff must show that the policy or custom was the "'moving force,'" *Canton*, 489 U.S. at 389 (*quoting Monell*, 436 U.S. at 694, *and Pollk Cnty. v. Dodson*, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)), that "actually caused" the alleged constitutional violation. *McElligott v. Foley*, 182 F.3d 1248, 1259 (11th Cir. 1999); *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1171 (11th Cir. 1995). Plaintiff's allegations fail to give rise to a reasonable inference that the constitutional deprivation(s) resulted from a custom, policy, or practice of Corizon. Plaintiff's failure to state a plausible § 1983 claim against Corizon, after having been

given two prior opportunities to correct the deficiency by amendment, requires dismissal of plaintiff's claim against this defendant.

Plaintiff's claim against defendant Dr. Ortiz for her alleged medical deliberate indifference in failing to treat plaintiff's condition in April of 2015, must be dismissed, as it appears from the face of plaintiff's pleadings and the exhibits previously filed with the court that the affirmative defense of failure to exhaust bars recovery of plaintiff's claims against her in this lawsuit. Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth*, 532 U.S. at 734, 121 S. Ct. at 1825. The exhaustion requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *Booth*, 532 U.S. at 741 n.6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.

Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Nor is a court allowed to continue a case pending exhaustion. *Alexander*, 159 F. 3d at 1324-26 (holding that there is no discretion to waive the exhaustion requirement or provide continuances in the event a claim was not exhausted prior to filing suit).

The grievance procedures promulgated by the FDOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. FLA. ADMIN. CODE rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). Plaintiff filed this lawsuit, pursuant to the prison mailbox rule, on October 13, 2014. (Doc. 1). The allegations of plaintiff's fourth amended complaint establish that the conduct for which plaintiff seeks to hold Dr. Ortiz liable – Dr. Ortiz's failure to treat plaintiff's "constant pains and stiffness in his head, neck, jaw, temple, ear and joints" – occurred on April 16, 2015. (Doc. 38, p. 9). As this conduct occurred after plaintiff initiated this lawsuit, it is temporally impossible for plaintiff to have completed the exhaustion process prior to filing suit. Plaintiff's claims against Dr. Ortiz must be dismissed without prejudice as barred by 42 U.S.C. § 1997e(e).

Although the undersigned declines to recommend *sua sponte* dismissal of plaintiff's claims against the remaining defendants (defendants Davis, Ladele and Rodriguez), plaintiff is advised that he may pursue only individual capacity claims, as his allegations fail to state a facially plausible official capacity claim. "[A] suit against a governmental official in h[er] official capacity is deemed a suit against the entity that [s]he represents." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir.

1999).  To establish liability against a defendant in her official capacity, plaintiff must show that he suffered a constitutional deprivation as the result of an official custom or policy.  *See McDowell, supra*; *see also Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013) (reiterating the standard for an official capacity claim).  As discussed above, plaintiff fails to allege that any official Department of Corrections or Corizon policy violated his constitutional rights, or that individual employees' violation of written policies was so widespread that it constituted a custom with the force of law. Plaintiff's official capacity claims must be dismissed.  *See, e.g., Goodman*, 718 F.3d at 1335 (granting summary judgment in favor of sheriff on plaintiff's official capacity claim for failure to meet the requisite standard).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's claims against defendants Churchwell and Corizon be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That plaintiff's claims against defendant Dr. Ortiz be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted (failure to exhaust administrative remedies).

3.  That plaintiff's official capacity claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted

4.  That this case be remanded to the undersigned for further proceedings on plaintiff's individual capacity Eighth Amendment claims against defendants ARNP Davis, Dr. Ladele and Nurse Rodriguez.

At Pensacola, Florida this 26th day of October, 2015.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.