UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

      Plaintiff,

v.                                                                    Case No.  5:14cv271/WS/CJK

ARNP C. DAVIS, et al.,

      Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon defendant Dr. Ladele's motion for judgment on the pleadings based on plaintiff's failure to exhaust administrative remedies (doc. 87).  Plaintiff has filed a response in opposition (doc. 94), along with a motion to strike Ladele's motion for judgment on the pleadings (doc. 95), a motion to appoint counsel (doc. 91), a motion for partial summary judgment (doc. 92) and a motion for temporary restraining order and preliminary injunction (doc. 93).  These matters are referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  After careful consideration, the undersigned concludes that defendant Ladele's motion for judgment on the pleadings should be granted, that plaintiff's claims against defendant Ladele should be dismissed, and that

plaintiff's motions to strike, for appointment of counsel, for partial summary judgment, and for preliminary injunctive relief should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Northwest Florida Reception Center (NWFRC) in Chipley, Florida.  Plaintiff initiated this action on October 20, 2014,[1] by filing a complaint naming several defendants.  (Doc. 1).  Plaintiff filed a fourth amended complaint on September 2, 2015, naming six defendants:  William Churchwell, former Warden of NWFRC; Corizon Health; Dr. G. Ladele, former Medical Director at NWFRC;[2] Dr. Nancy Ortiz, Chief Health Officer at NWFRC; ARNP C. Davis, a former nurse at NWFRC;[3] and Nurse Rodriguez, an intake nurse at NWFRC.  (Doc. 38, pp. 1-3). On November 30, 2015, adopting a report and recommendation of the undersigned, the court dismissed plaintiff's claims against defendants Churchwell, Corizon, and Ortiz, dismissed plaintiff's official capacity claims against all defendants, and remanded the case to the undersigned for further proceedings on plaintiff's individual capacity Eighth Amendment claims against defendants ARNP Davis, Dr. Ladele and Nurse Rodriguez.  (Doc. 42).

---

[1] Plaintiff's complaint was signed on October 13, 2014.  (Doc. 1).

[2] Dr. Ladele now works at the Reception and Medical Center.  (*See* Docs. 55, 58).

[3] ARNP Davis is no longer employed at NWFRC or any other Florida Department of Corrections' facility.  (*See* Docs. 55, 58).

Defendant ARNP Christy Davis was personally served on February 5, 2016. (Doc. 61).  A clerk's default was entered against Davis on April 12, 2016.  (Doc. 69).  A copy of the default was mailed to defendant Davis that same date.  (*Id*.).

Defendant Dr. G. Ladele was personally served on February 22, 2016.  (Doc. 62).  Dr. Ladele filed an answer on April 22, 2016, which asserted a number of affirmative defenses, including plaintiff's failure to exhaust administrative remedies. (Doc. 70).  Dr. Ladele filed his present motion for judgment on the pleadings on July 11, 2016.  (Doc. 87).

Defendant Nurse Rodriguez waived service and filed an answer on June 27, 2016.  (Docs. 83, 84).  Plaintiff and Nurse Rodriguez are proceeding under a separate scheduling order, with dispositive motions due October 26, 2016.  (Doc. 86).

## DISCUSSION

Plaintiff's fourth amended complaint claims that Dr. Ladele was deliberately indifferent to plaintiff's serious medical needs when, following what plaintiff describes as a "near death incident" involving contaminated food on February 15, 2014, Dr. Ladele affirmed defendant Nurse Davis's subsequent decision to discontinue a diet pass, later ordered a "treatment diet pass and x-ray", but then reversed those orders.  (Doc. 38, pp. 8, 12).  Dr. Ladele moves for judgment on the pleadings, arguing that plaintiff failed to exhaust his administrative remedies

because he failed to file a procedurally proper appeal to the Office of the Secretary

prior to initiating this lawsuit.  Dr. Ladele contends that all of plaintiff's appeals to

the Office of the Secretary were rejected on procedural grounds.  (Doc. 87).

Exhaustion Requirement

   Title 42 U.S.C. § 1997e  provides, in relevant part:  "No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a  prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted."  42 U.S.C. §

1997e(a).  This exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, whether they

allege excessive force or some other wrong, and whether they seek declaratory and

injunctive relief, monetary damages, or both.  *Porter v. Nussle*, 534 U.S. 516, 524,

122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 734, 121

S. Ct. 1819, 149 L. Ed. 2d 958 (2001).

   Exhaustion of all available administrative remedies is a mandatory pre-

condition to suit.  *Booth*, 532 U.S. at 739 ("The 'available' 'remed[y]' must be

'exhausted' before a complaint under § 1983 may be entertained.") (emphasis

added); *see also Porter*,  534 U.S. at 524-25 ("Beyond doubt, Congress enacted §

1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this

purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Wood*, 548 U.S. at 90-91.

The grievance procedure promulgated by the Florida Department of Corrections (FDC) requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's central office). FLA. ADMIN. CODE rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). Grievances of a medical nature may bypass the informal grievance step and proceed directly to the institutional level. FLA. ADMIN. CODE rr. 33-103.006(3)(e), 33-103.008.

Procedure for Ruling on a Motion Asserting the Defense of Failure to Exhaust
Administrative Remedies

A failure to exhaust administrative remedies is an affirmative defense that the

defendant bears the burden of proving.  *See Jones v. Bock*, 549 U.S. 199, 216, 127

S. Ct. 910, 166 L. Ed. 2d 798 (2007)  ("We conclude that failure to exhaust is an

affirmative defense under the PLRA, and that inmates are not required to specially

plead or demonstrate exhaustion in their complaints.").  In *Bryant v. Rich*, 530 F.3d

1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts

should follow when presented with a motion to dismiss (or similar pleading) for

failure to exhaust administrative remedies under the Prison Litigation Reform Act

(PLRA).  The court held that the defense of failure to exhaust should be treated as a

matter in abatement.  *Id.* at 1374.  "This means that procedurally the defense is

treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional

matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*,

530 F.3d at 1374).  Because exhaustion is treated as a matter in abatement, "it should

be raised in a motion to dismiss, or be treated as such if raised in a motion for

summary judgment."  *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation

omitted); *see also id.* at 1377 n.16 ("Motions to dismiss not enumerated under Rule

12(b) are governed by Rule 43(c), which permits courts to hear evidence outside of

the record on affidavits submitted by the parties." (citations omitted)).  Thus, the

summary judgment procedural requirements and standard for relief do not apply to motions seeking dismissal of a prisoner's claim for failure to exhaust administrative remedies. *Id*. at 1374-76.

Deciding a motion to dismiss (or similar motion filed under Rule 12) for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *Id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74. "This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Turner*, 541 F.3d at 1082.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies. *Id*.

at 1083.  These factual findings are for the court to decide, and not a jury and the

judge may specifically go beyond the pleadings.  As the *Bryant* panel stated:

> Where exhaustion – like jurisdiction, venue, and service of process – is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record. Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement: that is, to "reduce the quantity and improve the quality of prisoner suits."

*Bryant*, 530 F.3d at 1376-77.  Upon making findings on the disputed issues of fact,

the court then decides whether, under those findings, the plaintiff has exhausted his

available administrative remedies.

Defendant Ladele's Motion for Judgment on the Pleadings

As stated above, Dr. Ladele asserts that plaintiff failed to exhaust his

administrative remedies, because all of plaintiff's appeals to the Office of the

Secretary were rejected on procedural grounds.  (Doc. 87).  Plaintiff responds that

"the grievance process was exhausted" because he filed several grievances, some of

which were responded to by Dr. Ladele personally.  (Doc. 94).  Plaintiff's response

identifies the following grievances as demonstrating exhaustion:

    Log #1408-110-130;
    Log #14-6-27288;
    Log #110-12-141;

    Log #110-1603-0102;
    Log #110-03-157;
    Log #110-12-434;
    Log #110-03-221;
    Log #110-03-218;
    Log #110-04-255

(Doc. 94, pp. 2-6).  Plaintiff attaches over 100 pages of grievances to his response.

(Doc. 94, Exs. A-D).   Plaintiff also references grievances he attached to prior

complaints as demonstrating exhaustion.

The facts relevant to exhaustion do not appear to be in dispute.  Defendant

Ladele asserts that five inmate grievance appeals to the Office of the Secretary were

received by the Bureau of Policy Management and Inmate Appeals from plaintiff

during the period January 1, 2014, to December 31, 2014, which encompasses the

time in which plaintiff's allegations first arose (February 15, 2014) and the date

plaintiff initiated this lawsuit (October 20, 2014).  Dr. Ladele asserts that none of

plaintiff's grievance appeals to the Office of the Secretary were accepted for review;

rather, they were all returned to plaintiff without action because they failed to

comply with the procedural requirements of the FDC's inmate grievance procedure.

(Doc. 87, pp. 2-3).  Plaintiff asserts in his opposing response (doc. 94), and in his

fourth amended complaint (doc. 38), that he filed several grievances concerning the

lack of proper medical care.  Plaintiff does not dispute, however, that the only

appeals to the Office of the Secretary he filed prior to October 20, 2014, concerning

the February 15, 2014 medical issue are those attached to defendant Ladele's motion. Attached to defendant Ladele's motion are the affidavits of Aanal Patel and Ashley Stokes (an employee of the Bureau of Policy Management and Inmate Appeals for the FDC), which, in turn, attach all of the grievance appeals plaintiff submitted to the Office of the Secretary from January 1, 2014, to December 31, 2014. None of plaintiff's grievance appeals were accepted for review; instead, all of them were returned to plaintiff without action because they failed to comply with the procedural requirements of the FDC's inmate grievance procedure. (Doc. 87, Attach. Ex. 1).

Even taking as true plaintiff's allegation that he filed several grievances concerning the medical care he received after the February 15, 2014 incident, defendant Ladele is entitled to dismissal of plaintiff's claim for failure to exhaust administrative remedies, because even considering all of the grievances plaintiff identified and submitted with his response to Dr. Ladele's motion (doc. 94, Exs. A-D) and all of the grievances submitted with plaintiff's previously filed complaints (docs. 33, 24, 7), no grievance shows that prior to initiating this lawsuit, plaintiff filed an appeal to the Office of the Secretary that was addressed on the merits and not rejected on procedural grounds. The grievances plaintiff references and has submitted are either dated <u>after</u> he filed his original complaint on October 20, 2014; are grievances other than an appeal to the Office of the Secretary; or are appeals that

were rejected by the Office of the Secretary based on plaintiff's failure to comply with the FDC's procedural requirements.

Even also taking as true plaintiff's allegation that Dr. Ladele personally responded to some of his grievances, Dr. Ladele is entitled to dismissal of plaintiff's claim for failure to exhaust administrative remedies, because regardless of whether Dr. Ladele responded to plaintiff's grievances filed at the institutional level, plaintiff was still required, but failed, to file a procedurally proper appeal to the Office of the Secretary prior to initiating this lawsuit on October 20, 2014.  Because plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, his claims against defendant Dr. Ladele should be dismissed.

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Believing that he overcame Dr. Ladele's exhaustion defense, plaintiff filed a simultaneous request for the appointment of counsel to assist him in discovery, trial preparation, and examination of witnesses at trial.  (Doc. 91).  Because plaintiff's claims against Dr. Ladele are being dismissed, plaintiff's related motion for appointment of counsel will be denied.

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff requests a temporary restraining order and preliminary injunction "against . . . the prison M[ed]ical Administrator, who is responsible for arranging

specialized medical care and therapy after care that cannot be provided in the prison, and the Warden and Corizon Medical for the Administration, who is responsible for getting prisoners to their outside needed treatments and medical appointments. . . ." (Doc. 39, p. 5).  Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  *Carillon Importers, Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (*citing United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).  The four factors to be considered in determining whether temporary restraining or preliminary injunctive relief should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites."  *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing*, 887 F.2d at 1537. This necessitates that the relief sought in the motion be closely related to the conduct at issue in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). This also necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995).

As plaintiff's individual capacity claims against former NWFRC Medical Director Dr. Ladele, former NWFRC Warden Churchwell, and Corizon have been dismissed, and as plaintiff's official capacity claims against all defendants named in his fourth amended complaint have been dismissed, his request for preliminary injunctive relief against the Medical Administrator of NWFRC, the Warden of NWFRC, and Corizon should be denied.

PLAINTIFF'S CLAIM AGAINST DEFENDANT ARNP C. DAVIS

As discussed above, defendant ARNP Christy Davis was personally served. After Davis failed to timely plead or otherwise defend, the clerk entered defendant Davis's default. *See* Fed. R. Civ. P. 55(a).  A default judgment has not been sought or entered.  To aid in a just and timely disposition of this matter, the court will require counsel for defendants Ladele and Rodriguez to file a notice stating whether he intends to file a notice of appearance on behalf of defendant Davis.

Accordingly, it is ORDERED:

1.  Plaintiff's motion to strike defendant Ladele's motion for judgment on the pleadings (doc. 95) is DENIED.  Plaintiff's motion to strike is based on Ladele's failure to file his motion in the form required for summary judgment motions.  As discussed above, the Eleventh Circuit has ruled that the defense of failure to exhaust should be treated as a matter in abatement and not subjected to summary judgment requirements.

2.  Plaintiff's motion for appointment of counsel (doc. 91) is DENIED WITHOUT PREJUDICE.

3.  Within **twenty-one (21) days** from the date of this order, counsel for defendants Ladele and Rodriguez shall file a notice with the court indicating whether he intends to appear on behalf of defendant ARNP Christy Davis.

*Case No. 5:14cv271/WS/CJK*

And it is respectfully RECOMMENDED:

1.  That defendant Ladele's motion for judgment on the pleadings (doc. 87) be GRANTED, and that plaintiff's claims against defendant Dr. Ladele be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust available administrative remedies.

2.  That plaintiff's motion for partial summary judgment (doc. 92) be DENIED because plaintiff's claims against defendant Dr. Ladele are being dismissed without prejudice on procedural grounds.

3.  That plaintiff's motion for a temporary restraining order and preliminary injunction against the Medical Administrator of NWFRC, Warden of NWFRC, and Corizon (doc. 93) be DENIED.

4.  That this matter be remanded to the undersigned for further proceedings on plaintiff's remaining individual capacity claims.

At Pensacola, Florida this 5th day of August, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.