UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

      Plaintiff,

v.                                      Case No.  5:14cv271/WS/CJK

ARNP C. DAVIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon defendant Nurse Julie Rodriguez's motion for judgment on the pleadings based on plaintiff's failure to exhaust administrative remedies (doc. 99).  Plaintiff has responded in opposition to the motion (docs. 110, 111).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  After careful consideration, the undersigned concludes that defendant Rodriguez's motion for judgment on the pleadings should be granted and that plaintiff's claims against defendant Rodriguez should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Northwest Florida Reception Center (NWFRC) in Chipley, Florida.   Plaintiff initiated this action on October 13, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983, naming several defendants. (Doc. 1).  Plaintiff filed a fourth amended complaint on September 2, 2015, naming six defendants:   William Churchwell, former Warden of NWFRC; Corizon Health; Dr. G. Ladele, former Medical Director at NWFRC; Dr. Nancy Ortiz, Chief Health Officer at NWFRC; ARNP C. Davis, a former nurse at NWFRC; and Nurse Rodriguez, an intake nurse at NWFRC.  (Doc. 38, pp. 1-3).  The only claims remaining in this litigation are plaintiff's individual capacity Eighth Amendment claims against defendants ARNP Davis and Nurse Rodriguez.[1]  This report addresses the claims against Nurse Rodriguez.

Defendant Nurse Rodriguez filed an answer on June 27, 2016, asserting a number of affirmative defenses, including plaintiff's failure to exhaust

---

[1] On November 30, 2015, the court dismissed plaintiff's claims against defendants Churchwell, Corizon, and Ortiz, dismissed plaintiff's official capacity claims against all defendants, and remanded the case to the undersigned for further proceedings on plaintiff's individual capacity Eighth Amendment claims against defendants ARNP Davis, Dr. Ladele and Nurse Rodriguez. (Doc. 42).  On August 29, 2016, the court dismissed plaintiff's claims against defendant Dr. G. Ladele for plaintiff's failure to exhaust administrative remedies.  (Doc. 116).

administrative remedies.  (Doc. 84).  Rodriguez filed her motion for judgment on the pleadings on August 10, 2016.  (Doc. 99).

DISCUSSION

Plaintiff's fourth amended complaint claims that Nurse Rodriguez was deliberately indifferent to plaintiff's serious medical needs on July 10, 2014, when she failed to provide treatment for a foot condition.  (Doc. 38, p. 10).  Plaintiff also claims Rodriguez was deliberately indifferent on November 13, 2014, when she (1) advised plaintiff that defendant ARNP Davis denied plaintiff's request for a therapeutic diet, (2) failed to refer plaintiff to a physician, and (3) "detoured plaintiff to dental".  (Doc. 38, pp. 10, 13).  Nurse Rodriguez moves for judgment on the pleadings based on plaintiff's failure to exhaust his administrative remedies, arguing that plaintiff failed to file a procedurally proper appeal to the Office of the Secretary before initiating this lawsuit – all of his appeals were rejected on procedural grounds. (Doc. 99).  In addition, Nurse Rodriguez contends that although plaintiff continued to file grievances during the pendency of this lawsuit, and although some of those appeals were addressed (and denied) on the merits, plaintiff's claims must be dismissed because those appeals did not conclude until _after_ plaintiff made Rodriguez a party to this action by asserting claims against her in his second amended complaint (doc. 24) filed on March 23, 2015.

Exhaustion Requirement

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek declaratory and injunctive relief, monetary damages, or both. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 734, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).

Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth*, 532 U.S. at 739 ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained.") (emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). In addition, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*,

548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Wood*, 548 U.S. at 90-91.

The grievance procedure promulgated by the Florida Department of Corrections (FDC) requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's central office). FLA. ADMIN. CODE rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). Grievances of a medical nature may bypass the informal grievance step and proceed directly to a formal grievance filed at the institutional level. FLA. ADMIN. CODE rr. 33-103.006(3)(e), 33-103.008.

Procedure for Ruling on a Motion Asserting the Defense of Failure to Exhaust Administrative Remedies

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216, 127

S. Ct. 910, 166 L. Ed. 2d 798 (2007)  ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss (or similar pleading) for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA).  The court held that the defense of failure to exhaust should be treated as a matter in abatement.  *Id.* at 1374.  "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374).  Because exhaustion is treated as a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted); *see also id.* at 1377 n.16 ("Motions to dismiss not enumerated under Rule 12(b) are governed by Rule 43(c), which permits courts to hear evidence outside of the record on affidavits submitted by the parties." (citations omitted)).  Thus, the summary judgment procedural requirements and standard for relief do not apply to motions seeking dismissal of a prisoner's claim for failure to exhaust administrative remedies.  *Id.* at 1374-76.

Deciding a motion to dismiss (or similar motion filed under Rule 12) for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *Id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74. "This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Turner*, 541 F.3d at 1082.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies. *Id.* at 1083. These factual findings are for the court to decide, not a jury, and the judge may specifically go beyond the pleadings. As the *Bryant* panel stated:

> Where exhaustion – like jurisdiction, venue, and service of process – is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record. Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement: that is, to "reduce the quantity and improve the quality of prisoner suits."

*Bryant*, 530 F.3d at 1376-77.  Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

<u>Whether Plaintiff Exhausted His Available Administrative Remedies</u>

"The time the [PLRA] sets for determining whether exhaustion of administrative remedies has occurred is <u>when the legal action is brought</u>, because it is then that the exhaustion bar is to be applied."  *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1324 (11th Cir. 2007) (emphasis added).  Plaintiff initiated this lawsuit on October 13, 2014, the day he delivered his original § 1983 complaint to prison officials for mailing.  (Doc. 1, p. 19 in ECF); *see Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir.), *cert. denied*, ⎯ U.S. ⎯, 135 S. Ct. 241, 190 L. Ed. 2d 181 (2014) ("'Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'") (*quoting United*

*States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012), *and discussing Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)).  Accordingly, the relevant question is whether plaintiff properly exhausted his available administrative remedies as of October 13, 2014.

Defendant Rodriguez asserts that plaintiff's attempts at exhaustion fell short, because all of the appeals he submitted to the Office of the Secretary before initiating this lawsuit were rejected on procedural grounds.  (Doc. 99).  Defendant Rodriguez supports this assertion with the grievance appeal documents previously provided with defendant Dr. Ladele's motion for judgment on the pleadings.  (*See* Doc. 87 and Attach.).  Defendant Ladele submitted the affidavits of Aanal Patel and Ashley Stokes (an employee of the Bureau of Policy Management and Inmate Appeals for the FDC).  (Doc. 87, Attach.).  Ms. Stokes certifies and attaches to her affidavit copies of the grievance appeals plaintiff filed with the Office of the Secretary from January 1, 2014, to December 31, 2014, which encompasses the relevant time frame (the date plaintiff's allegations against defendant Rodriguez arose on July 10, 2014, and the date plaintiff initiated this lawsuit on October 13, 2014).  (Doc. 87, Attach.).  The attachments show that plaintiff submitted five grievance appeals to the Office of the Secretary during that period.  None of plaintiff's appeals to the Office of the Secretary were accepted for review; instead, all of them were returned to plaintiff

without action because they failed to comply with the procedural requirements of the FDC's inmate grievance procedure.  (Doc. 87, Attach.).

Plaintiff has filed two responses in opposition to Rodriguez's motion.  (Docs. 110, 111).  Relevant here, plaintiff's first response makes the conclusory statement that the attachments to defendant Ladele's motion for judgment on the pleadings "appear[ ] to be 'fabricated' and 'recomposed' to exclude the bulk of the grievances filed which would be 'too many' to mail to the Court, more than is needed to prove the case that reflects proof that each defendant is guilty as filed upon. . . ."  (Doc. 110, p. 6) (punctuation and emphases in original).  Plaintiff makes substantially the same argument in his second response, wherein he attaches several pages of grievances which he contends demonstrate exhaustion.  (Doc. 111 and Attach.).

Although plaintiff complains that the documents filed with defendant Ladele's motion for judgment on the pleadings do not include all of the grievances he submitted, plaintiff does not dispute that Ladele's documents include all of the appeals he submitted to the Office of the Secretary in the year 2014.  (Doc. 110, 111).  Plaintiff may have submitted thousands of sick call requests, informal grievances and formal grievances over the years which were denied, but the relevant question here is whether plaintiff, prior to October 13, 2014, completed the requisite final step of the FDC grievance process by filing a procedurally proper appeal to the

Office of the Secretary concerning treatment of his foot condition and therapeutic diet.  Plaintiff does not genuinely dispute that the grievances provided with defendant Ladele's pleading are accurate and complete copies of the appeals he filed with the Office of the Secretary in 2014.

In addition to the grievances attached to defendant Ladele's motion for judgment on the pleadings (doc. 87, Attach.), the court has also reviewed the grievances attached to plaintiff's response to defendant Rodriguez's motion for judgment on the pleadings (doc. 111, Attach.), the grievances attached to plaintiff's response to defendant Ladele's motion for judgment on the pleadings (doc. 94), and the grievances plaintiff submitted with his previously filed complaints (docs. 33, 24, 7).  Plaintiff's submissions raise no factual dispute over whether, prior to initiating this lawsuit, plaintiff filed a proper appeal to the Office of the Secretary that was addressed on the merits and not rejected on procedural grounds.  The grievances plaintiff references and submits are either dated after he filed his original complaint on October 13, 2014; are grievances other than an appeal to the Office of the Secretary; or are appeals that were rejected by the Office of the Secretary for plaintiff's failure to comply with the FDC's procedural requirements.

Thus, even taking as true plaintiff's allegation that he filed several grievances concerning the medical care Nurse Rodriguez provided, the record establishes that

plaintiff did not file a proper appeal to the Office of the Secretary before he initiated this lawsuit.  Because plaintiff failed to properly exhaust available administrative remedies prior to filing suit, his claims against defendant Nurse Julie Rodriguez should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.   That defendant Nurse Julie Rodriguez's motion for judgment on the pleadings (doc. 99) be GRANTED, and that plaintiff's claims against defendant Rodriguez be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust available administrative remedies.

2.   That the clerk be directed to enter judgment in favor of defendants Churchwell, Corizon, Ortiz, Ladele and Rodriguez according to the court's November 30, 2015 order (doc. 42), the August 29, 2016 order (doc. 116), and the order adopting this Report and Recommendation.

3.   That this case be referred to the undersigned for further proceedings on plaintiff's claim against the remaining defendant, ARNP Christy Davis.

At Pensacola, Florida this 20th day of September, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.