UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JIMMY LEE WHEELER,

    Plaintiff,

v.                                Case No.  5:14cv271/WS/CJK

ARNP C. DAVIS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon plaintiff's motion for default judgment against defendant ARNP Christy Davis (doc. 118), defendant Davis' response (doc. 122), defendant Davis' motion to set aside the default (doc. 121) and plaintiff's response (doc. 130). These matters are referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that the default entered against defendant Davis should be set aside.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Northwest Florida Reception Center (NWFRC) in Chipley, Florida. Plaintiff initiated this action on October 13, 2014, by filing a complaint naming several

defendants (doc. 1).  Plaintiff filed a fourth amended complaint on September 2, 2015, naming six defendants:  William Churchwell, former Warden of NWFRC; Corizon Health; Dr. G. Ladele, former Medical Director at NWFRC; Dr. Nancy Ortiz, Chief Health Officer at NWFRC; ARNP C. Davis, a former nurse at NWFRC; and Nurse Rodriguez, an intake nurse at NWFRC (doc. 38, pp. 1-3).

On November 30, 2015, the court dismissed plaintiff's claims against defendants Churchwell, Corizon, and Ortiz, dismissed plaintiff's official capacity claims against all defendants, and remanded the case to the undersigned for further proceedings on plaintiff's individual capacity Eighth Amendment claims against defendants ARNP Davis, Dr. Ladele and Nurse Rodriguez (doc. 42).  On August 29, 2016, the court dismissed plaintiff's claims against defendant Dr. Ladele for plaintiff's failure to exhaust administrative remedies (doc. 116).  On October 14, 2016, the court dismissed plaintiff's claims against defendant Nurse Rodriguez for plaintiff's failure to exhaust administrative remedies (doc. 132).  The only remaining claim is plaintiff's individual capacity Eighth Amendment claim against defendant ARNP Davis.  Plaintiff's fourth amended complaint claims that on May 16, 2014, defendant Davis was deliberately indifferent to plaintiff's serious medical condition when she discontinued a therapeutic diet (a "low residue diet") that was ordered by a doctor in February of 2014 (doc. 38, p. 9 in ECF).

Defendant Davis was personally served with a summons and copy of the fourth amended complaint on February 5, 2016, and had sixty days in which to file a responsive pleading (doc. 61). A clerk's default was entered against Davis on April 12, 2016 (doc. 69). A copy of the default was mailed to defendant Davis that same date (*id.*). Plaintiff filed a motion for partial summary judgment on July 26, 2016 (doc. 92; *see also* clarification at doc. 119). Upon court order (doc. 97), Attorney Joseph Brooks, counsel for defendants Dr. Ladele and Nurse Rodriguez, filed a notice on August 26, 2016, clarifying that he had not been authorized to represent defendant Davis (doc. 112). Plaintiff filed a motion for default judgment against Davis on September 6, 2016 (doc. 118). One week later, Attorney Brooks filed a notice of appearance on Davis' behalf (doc. 120), followed by Davis' motion to set aside entry of default (doc. 121) and Davis' response to plaintiff's motion for default judgment (doc. 122). Plaintiff opposes setting aside the default (doc. 130).

## DISCUSSION

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk of the district court to enter a "default" when a party against whom relief is sought fails to "plead or otherwise defend" the claim. In this case, defendant ARNP Christy Davis failed to plead or otherwise defend plaintiff's fourth amended complaint; consequently, the clerk entered a default against her.

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for "good cause" shown. "'Good cause' is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard is a "liberal one." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (*quoting Compania*, 88 F.3d at 951). The Eleventh Circuit has identified a number of factors relevant to the good cause analysis:

> [W]e evaluate various factors that may be applicable in a given case. *See id.* For example, courts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense. *Id.* Depending on the circumstances, courts have also considered factors such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (citation omitted). On the other hand, where a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist. *Id.* at 951-52.

*Perez*, 774 F.3d at 1337 n.7 (*citing Compania, supra*).

Defendant Davis claims that her failure to answer the complaint was not willful; rather, it was the product of her failing to appreciate the need to immediately review and respond to documents relating to this lawsuit at a time when she was experiencing overwhelming and serious personal issues. Davis describes in her affidavit that within days of receiving the summons and complaint, her father was

*Case No. 5:14cv271/WS/CJK*

diagnosed with kidney cancer and, three weeks later, underwent surgery. (Doc. 121, Ex. A, Davis Aff. ¶ 5). Following the surgery, Davis' father required her assistance for four to six weeks due to his extreme weakness, pain, high risk of falls, poor appetite, and inability to move without assistance. (*Id.*). Also during this time, Davis cared for her brother, a severe alcoholic who decompensated quickly following her father's diagnosis. (*Id.*). In addition, Davis is a single mother of four (three teenaged girls and a six-year-old boy), and continued with her daily parental responsibilities while maintaining a full-time job as an Advanced Registered Nurse Practitioner. (*Id.*). Davis' children collected Davis' correspondence during this period and would not have understood the importance of documents related to this lawsuit. (*Id.*). Davis states that she did not regularly check her email. (*Id.*).

Davis describes that on April 21, 2016, she received a certified letter from Corizon regarding her default in this lawsuit. (Doc. 121, Davis Aff. ¶ 6). The letter instructed Davis to contact Attorney Ken McDuffie of the law firm Nall & Miller. (*Id.*). One week later, Davis emailed Attorney McDuffie and requested representation. (*Id.*). After Davis did not receive a response, she emailed McDuffie again, on May 2, 2016. (*Id.*). Although Davis did not receive a response to either email, she believed they had been received and that she was represented in this case. (*Id.*).

In September 2016, Davis received additional correspondence which indicated McDuffie had not received her emails and that she was not being represented in this lawsuit. (Doc. 121, Davis Aff. ¶ 7). On September 12, 2016, Davis contacted Attorney McDuffie to confirm her request for representation. (*Id.*). Davis then realized her prior emails contained a typographical error in the email address. (*Id.*).

Defendant Davis supports her contentions with an affidavit from Kenneth P. McDuffie. (Doc. 121, Ex. B, McDuffie Aff.). McDuffie is an attorney with Nall & Miller, LLP, which is national counsel to Corizon, LLC. (*Id.*). Attorney McDuffie assists Joseph Brooks, who now represents defendant Davis and who represented Dr. Ladele and Nurse Rodriguez in this matter. (*Id.* at ¶ 3). McDuffie states that he attempted to contact defendant Davis in mid-February 2016, in order to confirm Mr. Brooks had authority to represent her in this lawsuit. (*Id.*). McDuffie was unable to establish communication with Davis. (*Id.*). After the clerk's entry of default on April 12, 2016, Corizon sent correspondence to Davis regarding this lawsuit and directed Davis to contact McDuffie. (*Id.* at ¶ 5). McDuffie did not receive any communications from Davis. In August 2016, Corizon sent additional correspondence to Davis. (*Id.* at ¶ 6). On September 12, 2016, defendant Davis contacted Attorney McDuffie and requested representation. (*Id.*). Davis sent

McDuffie copies of the emails she attempted to send him in April and May 2016. (*Id*. at ¶ 5). These emails stated Davis' desire for representation in this case by attorneys hired by Corizon. (*Id*.). McDuffie had not previously received these emails because they contained a typographical error in McDuffie's email address. (*Id*.). The emails were addressed to "kmduffie@nallmiller.com." However, McDuffie's actual email address is "kmcduffie@nallmiller.com." (*Id*.). Upon receipt of Davis' September 12, 2016 correspondence, Attorney McDuffie authorized Attorney Brooks to enter an appearance for and defend defendant Davis. (*Id*. at ¶ 6).

Also accompanying defendant Davis' motion to set aside the default is her proposed answer and affirmative defenses. (Doc. 121, Ex. C). One of defendant Davis' defenses is that plaintiff failed to exhaust his administrative remedies. (*Id*., Sixth Affirmative Defense). Defendant Davis asserts that her exhaustion defense is meritorious, and that it mirrors the exhaustion defenses asserted by defendants Ladele and Rodriguez, both of whom have been dismissed on exhaustion grounds.

Plaintiff responds that the clerk's default should not be set aside, because defendant Davis' failure to respond to the complaint can only be characterized as a deliberate disregard for the judicial process and his constitutional rights (doc. 130, p. 9). Plaintiff also argues that his claims against all of the defendants have merit.

Applying the "good cause" standard to this case, there is good cause to set aside Davis' default. Davis' default does not demonstrate the sort of culpable and willful misconduct that warrants the denial of a motion to set aside default. Soon after learning of the entry of the clerk's default, Davis attempted to contact counsel to represent her and believed she had done so successfully. After Davis learned that her correspondence had not reached counsel, she promptly contacted counsel and requested representation. There is no discernible prejudice to plaintiff as a result of setting aside the default. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). Defendant Davis has a potentially meritorious defense based on plaintiff's failure to exhaust his administrative remedies, as two other defendants have successfully established that defense. Although defendant Davis could have acted with greater diligence in responding to this court's and Corizon's correspondence, and in confirming whether McDuffie received her requests for representation, she in any event acted promptly after learning she was not represented and sought representation and to correct the default. Defendant Davis has shown good cause for setting aside her default.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Davis' motion to set aside entry of default (doc. 121) be GRANTED, and that the clerk's default against Davis (doc. 69) be SET ASIDE.

2. That defendant Davis' proposed answer (doc. 121, Ex. C) TAKE EFFECT, and that the clerk re-docket the answer as a separate pleading.

3. That plaintiff's motion for default judgment (doc. 118) be DENIED as moot in light of the default being set aside.

4. That to the extent plaintiff's motion for partial summary judgment (doc. 92) sought summary judgment against defendant Davis, such relief be DENIED without prejudice.

5. That this matter be remanded to the undersigned for issuance of a scheduling order governing plaintiff's claim against defendant Davis, and for further proceedings on that remaining claim.

At Pensacola, Florida this 15th day of November, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.